IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY W. ORR, SR.<br>6 North Clifton Drive<br>Williamsport, Maryland  21795 | : : : : | |
| Plaintiff | : : : | |
| v. | : : : | No.: _____ |
| MARK JUDSON COLLIN, M.D.<br>101 South George Street<br>York Hospital<br>York, Pennsylvania  17401-3676 | : : : : : : | |
| and | : : | |
| NICHOLAOS G. KALATHAS, M.D.<br>112 North 7th Street<br>Chambersburg, Pennsylvania  17201 | : : : : | Civil Action - Law |
| and | : : | |
| CHAMBERSBURG HOSPITAL, INC.<br>112 North 7th Street<br>Chambersburg, Pennsylvania  17201 | : : : : | (Electronically Filed) |
| SERVE ON RESIDENT AGENT | : : : | |

| | |
|---|---|
| and | : |
| | : |
| SUMMIT HEALTH, INC. | : |
| 112 North 7th Street | : |
| Chambersburg, Pennsylvania  17201 | : |
| | : |
|     <u>SERVE ON RESIDENT AGENT</u> | : |
| | : |
| and | : |
| | : |
| SUMMIT PHYSICIAN SERVICES | : |
| 785 5th Street, Suite 3 | : |
| Chambersburg, Pennsylvania  17201 | : |
| | : |
|     <u>SERVE ON RESIDENT AGENT</u> | : |
| | : |
|         Defendants | :   Jury Trial Demanded |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND ELECTION OF JURY TRIAL**

COMES NOW the Plaintiff, JEFFREY W. ORR, SR., by his attorney, Solomon Z. Krevsky and Clark & Krevsky, LLC, and sues MARK JUDSON COLLIN, M.D., NICHOLAS G. KALATHAS, M.D., CHAMBERSBURG HOSPITAL, INC., SUMMIT HEALTH, INC., and SUMMIT PHYSICIAN SERVICES, Defendants, and states as follows:

**JURISDICTION AND VENUE**

1.    The Plaintiff Jeffrey W. Orr, Sr. is domiciled in the State of Maryland and resides at 6 North Clifton Drive, Williamsport, Maryland 21795.

2. The Defendant Mark Judson Collin, M.D. is a physician licensed in the Commonwealth of Pennsylvania with his principal place of business at 1001 South George Street, York Hospital, York, Pennsylvania 17403-3676.

3. The Defendant Nicholaos G. Kalathas, M.D. is a physician licensed in the Commonwealth of Pennsylvania with his principal place of business at 112 North 7th Street, Chambersburg, Pennsylvania 17201.

4. The Defendant Chambersburg Hospital, Inc. is a medical corporation, incorporated in the Commonwealth of Pennsylvania, and does substantial business in Pennsylvania, including, but not limited to, the operation of a hospital facility located at 112 North 7th Street, Chambersburg, Pennsylvania 17201. Upon information and belief, Defendant Chambersburg Hospital, Inc. is a wholly-owned subsidiary of Defendant Summit Health, Inc.

5. The Defendant Summit Health, Inc., is incorporated in the Commonwealth of Pennsylvania and does substantial business in Pennsylvania, including, but not limited to, the operation of Chambersburg Hospital, located at 112 North 7th Street, Chambersburg, Pennsylvania  17201.

6. The Defendant Summit Physician Services is a medical corporation incorporated in the Commonwealth of Pennsylvania and does substantial business in Pennsylvania, including, but not limited to, the employment of physicians,

including Defendant Collin and Defendant Kalathas, who provide physician services to Chambersburg Hospital, located at 112 North 7th Street, Chambersburg, Pennsylvania 17201, and on behalf of Defendant Summit Health, Inc. Upon information and belief, Defendant Summit Physician Services is a wholly-owned subsidiary of Defendant Summit Health, Inc.

7. This is a medical negligence claim wherein it is alleged that the Defendants Mark Judson Collin, M.D. and Nicholaos Kalathas, M.D. were negligent in their treatment and care of the Plaintiff Jeffrey W. Orr at the Defendant Chambersburg Hospital and on behalf of Defendant Summit Health, Inc., causing significant injury and damage to the Plaintiff.  Such treatment and care at issue in this matter occurred in Chambersburg, Pennsylvania.

8. The United States District Court for the Middle District of Pennsylvania has jurisdiction over this matter pursuant to 28 USC Section 1332(a)(1), wherein the District Courts have been given original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.  Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) as the incidents, actions, and/or omissions alleged herein took place within this judicial district.

## COUNT I
## Jeffrey W. Orr, Sr. v.
## Mark Judson Collin, M.D. and Nicholas G. Kalathas, M.D.
## Negligence

9. At all times of which the Plaintiff complains, the Defendants Mark Judson Collin, M.D. and Nicholas G. Kalathas, M.D., represented to the Plaintiff and the public that they possessed the degree of skill, knowledge, and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff.

10. The Plaintiff alleges that the Defendants Mark Judson Collin, M.D. and Nicholaos G. Kalathas, M.D. owed to the Plaintiff the duty to exercise the degree of skill and care expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition; careful diagnosis of such condition; employment of appropriate and necessary procedures, surgery, consultations, and/or treatment to correct such conditions, without injury upon the Plaintiff -- all of which the Defendants failed to do.

11. The Defendants, Mark Judson Collin, M.D. and Nicholas G. Kalathas, M.D., were negligent in that they failed to perform adequate and proper diagnostic tests and procedures to determine the nature and severity of the

Plaintiff's condition; failed to carefully and thoroughly evaluate the Plaintiff's condition; failed to carefully and accurately diagnose Plaintiff's condition; and failed to employ appropriate procedures, surgery, consultations, and/or treatment to correct the Plaintiff's condition, without injury upon the Plaintiff.

12. As a direct and proximate result of the negligence of the Defendants, Mark Judson Collin, M.D. and Nicholaos G. Kalathas, M.D., the Plaintiff Jeffrey W. Orr, Sr. has suffered, and will in the future suffer with unending physical pain, emotional anguish, scarring and disfigurement, fear, as well as anxiety over his condition, as is more fully described herein below, and for which claim is made.

13. In or about September, 2014, the Plaintiff Jeffrey W. Orr, Sr. was diagnosed by a vascular surgeon as having an aneurysm in an arterial blood vessel of his right lower extremity, and recommended surgery; specifically, a "femoral-popliteal arterial graft," in order to restore and maintain adequate blood flow and oxygenation of the right lower extremity. This surgery was performed in September 2014, and was successful; adequate and proper blood flow was restored to the Plaintiff's lower right extremity. The Plaintiff was seen on numerous occasions in follow-up to this surgery by the vascular surgeon who performed the procedure; the last follow-up examination occurred in November, 2016. At this

time, blood flow studies continued to demonstrate good perfusion and functioning of the graft repair performed in September of 2014.

14. On March 13, 2017, the Plaintiff Jeffrey W. Orr, Sr. presented to the Meritus Urgent Care facility located in Hagerstown, Maryland, with a chief complaint of right foot pain starting two days prior. After being seen and examined at the Meritus facility, the Plaintiff was advised to go to a hospital emergency room for further evaluation of the right foot.

15. Accordingly, that same day, on March 13, 2017, the Plaintiff Jeffrey W. Orr, Sr. presented to the Defendant Chambersburg Hospital emergency room, and was seen and examined by the Defendants Kalathas, M.D. and Collin, M.D. as of that time. The history taken at that time by the Defendants, included the fact that Mr. Orr was a 56-year-old male who previously underwent an arterial bypass graft surgery in the lower right leg, presenting with pain in his right foot for the past two days.

16. During the time of this emergency room visit of March 13, 2017, the Defendants Nicholaos G. Kalathas, M.D. and Mark Judson Collin, M.D. obtained ultrasound studies of the lower right leg arteries and veins, in order to assess blood flow to and from the right lower leg. The arterial studies demonstrated abnormalities of arterial flow to the lower right extremity.

17. It is asserted that on March 13, 2107, the Defendants Mark Judson Collin, M.D. and Nicholaos G. Kalathas, M.D., had a duty in accordance with the accepted standards of care, given the Plaintiff's history, exam and abnormal arterial blood flow findings, to recognize that there was a significant and acute arterial blood flow problem resulting in an acute "threatened leg," which required immediate medical attention. Contrary to the standards of care, the Defendants Nicholaos G. Kalathas, M.D. and Mark Judson Collin, M.D., negligently failed to seek and obtain any consultation with a vascular surgeon; failed to admit the patient to the Defendant Hospital for further treatment and care, and instead, negligently discharged the Plaintiff to home, with a prescription for an antibiotic for a rash found to be present on the dorsal aspect of the Plaintiff's right foot.

18. It is asserted that the standards of care required that the Defendants, Nicholaos G. Kalathas, M.D. and Mark Judson Collin, M.D., recognize the emergent nature of the condition, and admit the Plaintiff to the hospital and immediately obtain consultation with a vascular surgeon, in continued treatment and care of the Plaintiff's acute blood flow problem.

19. Had the standards of care been complied with by the Defendants on March 13, 2017, and Mr. Orr admitted to the hospital and a vascular surgical consultation obtained, necessary and appropriate treatment and care would have

been provided, including thrombolysis to open the occluded artery, or if necessary, repeat bypass surgery, in order to properly and timely restore adequate blood flow and oxygenation of the tissues of the lower leg. It is asserted that had the standards of care been complied with and such treatment occurred, Mr. Orr would have recovered from his acute arterial blood flow problem, and would have been discharged to home and resumed his normal activities, with no negative or permanent sequelae.

20. Instead, at the time of this emergency room visit on March 13, 2017, the Defendants negligently discharged Mr. Orr to home with a prescription for an antibiotic, and instructions to return if his condition worsens. Predictably, several days later, on March 19, 2017, Mr. Orr returned to the emergency room at the Defendant Chambersburg Hospital, because of a sudden worsening of his right lower leg condition to the point where he could not ambulate or weight-bear due to the extreme pain. At this time, for the first time, a vascular surgical consultation was finally, and belatedly obtained. Unfortunately, as of this time, the Plaintiff Jeffrey Orr was found to have suffered an extended and prolonged period of time without adequate arterial blood flow and, therefore, without proper oxygenation of the tissues of the lower right leg, such that the Plaintiff required emergent amputation of the extremity below the knee as a life-saving procedure.

Subsequently, following this surgery, the Plaintiff was eventually stabilized and discharged to a rehabilitation facility, where he was required to remain for more than a month.

21. It is alleged that as a result of the negligence of the Defendants, as outlined above, the Plaintiff has in the past, is presently, and will in the future, continue to suffer unending physical pain, emotional anguish, fear, and anxiety over his condition. It is asserted that had the Defendants, and each of them, conformed with the applicable standards of care, and addressed the Plaintiff's acute threatened leg in a timely manner, the below-the-knee amputation would not have been required to be performed. Further, as a direct and proximate result of the negligence of Defendants, and each of them, the Plaintiff has lost his former state of emotional and physical well-being; has been and will in the future be, unable to engage in meaningful employment; is unable to participate in household chores and upkeep; unable to engage in, and/or resume his normal activities, and will be unable to do so for the remainder of his lifetime.

22. It is further alleged that the Plaintiff has in the past, is presently, and will in the future incur significant hospital, surgical, physiotherapeutic, pharmacological, prosthetics, and other losses and expenses for which claim is made.

23. The Plaintiff refers to the negligence of the Defendants Mark Judson Collin, M.D. and Nicholaos G. Kalathas, M.D., as the sole and proximate cause of all of his injuries, damages, and disabilities sustained, with the Plaintiff being in no way contributorily negligent.

24. The actions and/or omissions of the Defendant, as more fully described above, constitute extreme and outrageous conduct that evidence a wanton disregard for the safety and wellbeing of Plaintiff and which were undertaken with the direct intent to harm Plaintiff and/or callous disregard for Plaintiff's wellbeing, thereby warranting the imposition of punitive damages, and claim is made therefor.

## COUNT II
### Jeffrey W. Orr, Sr. v. Chambersburg Hospital, Inc.
### Negligence – Respondeat Superior

25. The Plaintiff Jeffrey Orr incorporates in this Count those facts as set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

26. Chambersburg Hospital, Inc. is a professional corporation incorporated in the Commonwealth of Pennsylvania involved, among other things, in the business of providing medical treatment and care to patients. This

Defendant owns and/or operates a hospital facility named Chambersburg Hospital, located at 112 North 7th Street, Chambersburg, Pennsylvania 17201.

27. At all times relevant hereto, the Defendant Mark Judson Collin, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Chambersburg Hospital, Inc.

28. At all times relevant hereto, the Defendant Nicholaos G. Kalathas, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Chambersburg Hospital, Inc.

29. The Defendant Mark Judson Collin, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Chambersburg Hospital, Inc. causing injuries and damages to the Plaintiff as aforesaid.

30. The Defendant Nicholaos G. Kalathas, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Chambersburg Hospital, Inc. causing injuries and damage to the Plaintiff as aforesaid.

31. The actions and/or omissions of the Defendant, as more fully described above, constitute extreme and outrageous conduct that evidence a wanton disregard for the safety and wellbeing of Plaintiff and which were undertaken with the direct intent to harm Plaintiff and/or callous disregard for

Plaintiff's wellbeing, thereby warranting the imposition of punitive damages, and claim is made therefor.

## COUNT III
### Jeffrey W. Orr, Sr. v. Summit Health, Inc.
### Negligence – Respondeat Superior

32. The Plaintiff Jeffrey Orr incorporates in this Count those facts as set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

33. Summit Health, Inc. is a professional corporation incorporated in the Commonwealth of Pennsylvania involved, among other things, in the business of providing medical treatment and care to patients. This Defendant owns and/or operates a hospital facility named Chambersburg Hospital, located at 112 North 7th Street, Chambersburg, Pennsylvania 17201.

34. At all times relevant hereto, the Defendant Mark Judson Collin, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Summit Health, Inc.

35. At all times relevant hereto, the Defendant Nicholaos G. Kalathas, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Summit Health, Inc.

36. The Defendant Mark Judson Collin, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Summit Health, Inc., causing injuries and damages to the Plaintiff as aforesaid.

37. The Defendant Nicholaos G. Kalathas, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Summit Health, Inc., causing injuries and damage to the Plaintiff as aforesaid.

38. The actions and/or omissions of the Defendant, as more fully described above, constitute extreme and outrageous conduct that evidence a wanton disregard for the safety and wellbeing of Plaintiff and which were undertaken with the direct intent to harm Plaintiff and/or callous disregard for Plaintiff's wellbeing, thereby warranting the imposition of punitive damages, and claim is made therefor.

## COUNT IV
## Jeffrey W. Orr, Sr. v. Summit Physician Services
## Negligence – Respondeat Superior

39. The Plaintiff Jeffrey Orr incorporates in this Count those facts as set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

40. Summit Physician Services is a professional corporation incorporated in the Commonwealth of Pennsylvania involved, among other things, in the business of employing physicians and providing physician services on behalf of Defendant Chambersburg Hospital, Inc, and/or Defendant Summit Health, Inc. including medical treatment and care to patients. This Defendant provides such physician services to a hospital facility named Chambersburg Hospital, located at 112 North 7th Street, Chambersburg, Pennsylvania 17201.

41. At all times relevant hereto, the Defendant Mark Judson Collin, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Summit Physician Services.

42. At all times relevant hereto, the Defendant Nicholaos G. Kalathas, M.D. was acting individually, and as the agent, servant, and/or employee of the Defendant Summit Physician Services.

43. The Defendant Mark Judson Collin, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Summit Physician Services causing injuries and damages to the Plaintiff as aforesaid.

44. The Defendant Nicholaos G. Kalathas, M.D. committed acts and/or omissions within the scope of his employment with the Defendant Summit Physician Services, causing injuries and damage to the Plaintiff as aforesaid.

45. The actions and/or omissions of the Defendant, as more fully described above, constitute extreme and outrageous conduct that evidence a wanton disregard for the safety and wellbeing of Plaintiff and which were undertaken with the direct intent to harm Plaintiff and/or callous disregard for Plaintiff's wellbeing, thereby warranting the imposition of punitive damages, and claim is made therefor.

WHEREFORE, the Plaintiff Jeffrey W. Orr, Sr. respectfully requests this Honorable Court to enter judgment in his favor and against Defendants jointly and severally for:

    i. Compensatory damages in an amount to be proven at trial;

    ii. Lost wages and benefits and future lost wages and benefits;

    iii. Harm to Plaintiff's earning capacity;

    iv. Medical and rehabilitative treatment and expenses;

v.     Punitive damages;

vi.    Statutory pre-judgment interest; and

vii.   Any other relief that this Court deems just and equitable.

                              Respectfully submitted,

                              /s/ Solomon Z. Krevsky
                              Solomon Z. Krevsky, Esquire
                              Attorney for Plaintiff
                              Supreme Ct. I.D. #72719
                              20 Erford Road
                              Suite 300A
                              Leymoyne, PA  17043
                              (717) 731-8600
                              (717) 731-4764 (facsimile)
                              e-mail: szk@clark-krevskylaw.com